# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2074V
UNPUBLISHED

| | |
|---|---|
| WAYNE WAGGENER,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: December 10, 2024 |

*Jonathan J. Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On October 26, 2021, Wayne Waggener filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act"). Petitioner alleges that he suffered from a shoulder injury from an influenza vaccination he received on October 20, 2020. ECF No. 1. Due to Petitioner's failure to prosecute his claim, this case is **DISMISSED**.

### Relevant Procedural History

Petitioner filed some medical records and an affidavit with the petition. Exhibits 1-3. On October 27, 2021, the PAR Initial Order issued requiring Petitioner to file additional medical records and other required supporting documentation. ECF No. 5.

Because Petitioner did not file any additional medical records, I issued an order to show cause on July 27, 2023, for why the case should not be dismissed due to failure to prosecute. ECF No. 18.

On September 26, 2023, Petitioner's counsel filed a status report stating that Petitioner died and that he did not have any living relatives. ECF No. 19. Counsel proposed first investigating whether an estate had been established for Petitioner before filing a motion to dismiss.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

On October 25, 2023, Petitioner's counsel filed a status report stating that no probate case has been opened in Petitioner's name and that he had been unable to contact any next of kin or representative of Petitioner's estate. ECF No. 20. Counsel proposed filing a motion to dismiss.

In the March 20, 2024 order, I noted that due to the death of the Petitioner and the current absence of an estate, counsel would not have the authority to dismiss Petitioner's case or take any other substantive action. Restatement (Third) Of Agency § 3.06 (2006). ECF No. 21. I ordered additional information about Petitioner's death and counsel's investigation of the death.

On May 21, 2024, Petitioner's counsel filed a status report recounting the history of his contact with Petitioner. ECF No. 22. Counsel stated that a recent Lexis Nexis search now stated that Petitioner was alive and living at the same address. Counsel sent a certified letter to Petitioner and requested additional time to hear back from Petitioner.

On June 6, 2024, Petitioner's counsel filed a status report stating that his office had been unable to contact Petitioner by phone but that someone signed for the certified letter sent to Petitioner. ECF No. 23. Counsel intended to continue reaching out to Petitioner.

On July 31, 2024, Petitioner's counsel filed a status report stating that additional attempts by phone and email to contact Petitioner had failed. ECF No. 24. Counsel requested that the Court issue an order to show cause to serve on Petitioner.

On October 10, 2024, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 25. In a status report submitted on November 5, 2024, counsel indicated that Petitioner had been out of contact for over a year. ECF 26. On November 14, 2024, counsel filed evidence that the Order to Show Cause had been served on Petitioner by certified mail. ECF No. 27.

## Grounds for Dismissal

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the

court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

  Petitioner was specifically advised in the October 10, 2024 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with his counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the recent status report, Petitioner has been out-of-touch with his counsel for over a year. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

  **Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[2]**

**IT IS SO ORDERED.**

                **s/Brian H. Corcoran**
                Brian H. Corcoran
                Chief Special Master

---

[2] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."